UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA WHITLOCK-KINCADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00895 RWS |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| DEFENSE, MICHAEL LaVALLE, | ) | |
| STEPHEN FRISCH, HENRY DANIELS, | ) | |
| ELLA GRAHAM, LETICIA MYERS, | ) | |
| BETTY ANTHONY AND | ) | |
| CASSANDRA WILLIAMS | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before me on Defendants' Motion to Dismiss [#17] and Motion to Strike

[#24]. In their motion to dismiss, Defendants argue that (1) Plaintiff Wanda Whitlock-Kincade

has failed to state a claim because the complaint was untimely filed and (2) this court lacks subject

matter jurisdiction because Whitlock-Kincade did not name the proper defendant in this action. In

their motion to strike, Defendants argue that the letter that Whitlock-Kincade filed with the court

on November 7, 2006 should be stricken because she did not obtain the Court's permission to

submit it. I will grant Whitlock-Kincade leave to file her letter as a sur-reply and will therefore

deny the motion to strike. Because I find that Whitlock-Kincade has alleged facts in her sur-reply

that, if true, would support tolling of the statute of limitations, I will deny the motion to dismiss.

1

*Background*

Plaintiff Wanda Whitlock-Kincade brings this action under Title VII of the Civil Rights Act of 1964 alleging employment discrimination on the basis of race and retaliation for a previously-filed grievance for her employer's alleged refusal to relocate her work space to accommodate her health condition. Whitlock-Kincade, proceeding *pro se*, filed her court-provided complaint form with this Court on June 9, 2006. Plaintiff, a retired employee of the Defense Finance and Accounting Service ("DFAS"), named as defendants the "Department of Defense" as well as several employees of the DFAS.

Plaintiff's complaint stems from her Equal Employment Opportunity complaint filed against DFAS. On March 9, 2006, Whitlock-Kincade received the Final Agency Decision ("FAD") from DFAS finding that she had failed to prove she had been subjected to discrimination. Whitlock-Kincade filed this action on June 9, 2006, ninety-two (92) days later.

On August 15, 2006, Defendants moved to dismiss the complaint for lack of jurisdiction. The motion was fully briefed on October 20, 2006. On November 7, 2006, Whitlock-Kincade filed a supplemental response to Defendants' motion to dismiss, without seeking the Court's permission.

**Motion to Strike**

*Standard*

Fed. R. Civ. P. 12(f) provides "upon motion made by a party before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court is afforded broad discretion in ruling on a motion to strike. Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op., 278 F.3d 742, 748 (8th Cir. 2001).

While the Court has discretion to grant a motion to strike, such motions are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). A Rule 12(f) movant "bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Strate v. Midwest Bankcentre, Inc., 2003 U.S. Dist. LEXIS 26277, at *18 (E.D. Mo. 2003). Nevertheless, a motion to strike "should be granted if it 'may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action.'" U.S. v. Dico, Inc., 189 F.R.D. 536 (S.D. Iowa 1999) (quoting Kelley v. Thomas Solvent Co., 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)).

*Analysis*

Defendants move to strike Whitlock-Kincade's letter filed with the Court on November 7, 2006. Whitlock-Kincade's letter responds to Defendants' reply brief on the motion to dismiss. Defendants argue that Whitlock-Kincade's filing of the letter should be stricken pursuant to Rule 12(f) because it is "redundant, immaterial, impertinent, and scandalous." Fed. R. Civ. P. 12(f).

In support of this motion, Defendants argue that Whitlock-Kincade's letter violates the Local Rules of the Eastern District of Missouri because the Court did not grant permission to submit additional memoranda. Local Rule 4.01(C) states that "[a]dditional memoranda may be filed by either party only with leave of the court." E.D. Mo. L.R. 4.01(C). Additionally, Local Rule 4.04(A) prohibits parties from "communicat[ing] in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court." E.D. Mo. L.R. 4.04(A).

However, admission of additional memoranda to the Court is within my discretion. Stanbury Law Firm, 221 F.3d at 1063. Motions to strike are "viewed with disfavor and ...

3

infrequently granted" because it is a "drastic remedy." Id. Defendants bear the burden of showing that Whitlock-Kincade's letter is "so unrelated to [her] claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Strate, 2003 U.S. Dist. LEXIS 26277, at *18. Whitlock-Kincade's letter is related to her argument for equitable tolling. In the letter Whitlock-Kincade states that she relied on the statements of an individual named "Clarence" who presumably works in the Clerk of the Court's office. According to Whitlock-Kincade's letter, in a telephone conversation on June 7, 2006 Clarence told her that she had until June 9, 2006 to file her complaint. I find this information to be material and will consider it in my decision on Whitlock-Kincade's request for equitable tolling. Therefore, I will deny Defendants' Motion to Strike and grant Whitlock-Kincade leave to file the November 7, 2006 letter with the Court as a sur-reply to Defendants' Motion to Dismiss.

**Motion to Dismiss**

*Standard*

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

*Analysis*

Statute of Limitations

Defendants argue that Whitlock-Kincade's complaint should be dismissed because it was not filed within ninety (90) days of receiving the FAD from the DFAS as required by 42 U.S.C. § 2000e-16c. Defendants have provided evidence that Whitlock-Kincade received the FAD via Federal Express on March 9, 2006, a fact Whitlock-Kincade does not dispute. Whitlock-Kincade filed her complaint with this Court on June 9, 2006, ninety-two (92) days after receiving the FAD from DFAS.

However, Whitlock-Kincade urges me to apply the doctrine of equitable tolling to toll the statute of limitations and allow her action to proceed. Whitlock-Kincade first argues that her failure to file within the 90 day time period was due to her health problems resulting from a heart attack she suffered on November 29, 2005. Whitlock-Kincade states "my concentration was on recovering and during my recuperation period I ultimately forgot the timeline on filing." Pl.'s Br. Opp'n Mo. Dismiss, 3. Alternatively, Whitlock-Kincade argues that equitable tolling should apply because she was told by an individual in the Court Clerk's office named Clarence that June 9, 2006 was the deadline to file her complaint. Finally, Whitlock-Kincade argues that Defendants will not be prejudiced by having her complaint filed within ninety-two days rather than ninety days.

The doctrine of equitable tolling is a remedy reserved for circumstances that are "truly beyond the control of the plaintiff." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). Equitable tolling should not be applied unless the "circumstances that cause a plaintiff to miss a filing deadline are out of [her] hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990). The Eighth Circuit has indicated that equitable tolling may be appropriate "when a

claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that [she] had done everything required of [her], or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction." Hallgren v. U.S. Dep't of Energy, 331 F.3d 588, 590 (8th Cir. 2003).

Whitlock-Kincade's argument that her health problems contributed to her forgetting to file within the 90 day time period is insufficient to warrant equitable tolling. She has failed to allege any facts about her health condition that precluded her from filing within the 90 day time period. Her heart attack occurred on November 29, 2005, over seven months before her required filing date. According to her own request for an extension of time to file her response [#19], on June 9, 2006 she was in her "recuperation period" and "ultimately forgot the timeline on filing."

However, Whitlock-Kincade's argument that she relied on the assurances of an employee of the Court Clerk's office is sufficient to warrant equitable tolling. One situation in which the Eighth Circuit recognizes the need for equitable tolling is "when the court has led the plaintiff to believe that [she] had done everything required of [her]." Hallgren, 331 F.3d at 590 (citing Carlile v. South Routt School District RE 3-J, 652 F.2d 981 (10th Cir. 1981). In her sur-reply to the Motion to Dismiss, Whitlock-Kincade alleges that on June 7, 2006, she called the U.S. District Court and asked when was the last date for her to file her complaint. Whitlock-Kincade alleges that she spoke to a gentleman named Clarence, who checked and told her that she had until Friday, June 9, 2006 to file her complaint. Whitlock-Kincade argues that she "was prepared to go to your office on the Wednesday I called. I am on portable oxygen therapy and it was excessively hot and humid that week, that is why I called before I went to the office."

Whitlock-Kincade alleges that when she arrived at the Court on June 9, 2006, she again spoke with Clarence who remembered speaking with her on Wednesday. She also alleges that an

employee of the Court named Billy assisted her with filling out her filing forms and again told her she was filing within her time frame, and that if it was too late, all she would have to do was file for an extension.

Because she has sufficiently alleged a basis for equitable tolling, Whitlock-Kincade's final argument that Defendants would not suffer prejudice is relevant. Consideration of prejudice to the defendant only becomes relevant after a factual situation justifying equitable tolling is identified. Baldwin County Welcome Center, 466 U.S. at 152. Defendants have failed to rebut Whitlock-Kincade's allegation that Defendants will not be prejudiced by this equitable tolling. Because Whitlock-Kincade has alleged a sufficient basis for me to apply the doctrine of equitable tolling and has demonstrated that Defendants will not suffer prejudice by this tolling, Whitlock-Kincade's complaint is not time-barred by section 2000e-16(c) of the United States Code.

Whitlock-Kincade is a *pro se* plaintiff, and as such, her pleadings are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972). She has alleged facts that, if true, would support an application of equitable tolling. I will therefore deny Defendants' Motion to Dismiss without prejudice, allowing the parties to conduct discovery on the issue.

Improper Defendant

Defendants also argue that this Court lacks subject matter jurisdiction over this action because the only proper defendant in this action is the head of the department, agency or unit under which Whitlock-Kincade was employed. Because she was employed by the federal government, Title VII of the Civil Rights Act provides the exclusive remedy for Whitlock-Kincade's employment discrimination claims. Brown v. GSA, 425 U.S. 820, 835 (1976). In suits against the federal government as an employer, Title VII requires that "the head of the

department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). The Eighth Circuit has held that failure to comply with this condition bars the complaint unless plaintiff may now amend her complaint to name the proper defendant. Warren v. Dep't of Army, 867 F.2d 1156, 1158 (8th Cir. 1989).

Whitlock-Kincade's complaint lists the U.S. Department of Defense and several other employees of the DFAS as defendants in this suit. Whitlock-Kincade has failed to name as defendant the *head* of the agency where she worked (DFAS), or the *head* of her employing department (Department of Defense). Therefore, Whitlock-Kincade is statutorily barred by section 2000e-16(c) from seeking redress from the individuals she has named as defendants for the employment discrimination she has alleged.

However, because she has alleged facts sufficient to support an application of the doctrine of equitable tolling, Whitlock-Kincade is not barred from amending her complaint to name the proper defendants. Warren, 867 F.2d at 1159. Therefore, I will *sua sponte* grant Whitlock-Kincade leave to amend her complaint to name the proper defendants in this action and deny Defendants' Motion to Dismiss on this basis.

**Motion to Require David Swimmer to Enter His Appearance**

In Defendants' Motion to Strike [#24], discussed above, Defendants allege that Whitlock-Kincade is not proceeding *pro se*, but rather is being assisted by the counsel of attorney David Swimmer. Defendants therefore request this court to require David Swimmer to enter his appearance in this action. In response to Defendants' Motion, Mr. Swimmer filed a Motion to Intervene [#26], arguing that he was retained only to discuss Whitlock-Kincade's factual and legal options, and that he was not retained for any other purpose. Because I do not have any knowledge of Mr. Swimmer being retained by Whitlock-Kincade to represent her further in this

action, I will deny Defendants' Motion to Require Mr. Swimmer to Enter His Appearance.  I will

also deny Mr. Swimmer's Motion to Intervene as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike [#24] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [#17] is **DENIED**

without prejudice.

**IT IS FURTHER ORDERED** that Whitlock-Kincade may amend her complaint to name

the proper defendants, in writing, no later than **March 28, 2007.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Require David Swimmer to

Enter His Appearance [#24]  is **DENIED**.

**IT IS FURTHER ORDERED** that David Swimmer's Motion to Intervene [#26] is

**DENIED** as moot.

Dated this 13th  day of March, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE